UNITED STATES of America,
Plaintiff–Appellee

v.

Deante Demone BLACKMON, also
known as Dopey, also known as B–
Murder, also known as Deon, Defen-
dant–Appellant.

No. 11–51253
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 2012.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, San Anto-
nio, TX, for Plaintiff–Appellee.

Deante Demone Blackmon, Bastrop, TX,
pro se.

Before REAVLEY, JOLLY and DAVIS,
Circuit Judges.

PER CURIAM: [*]

Deante Demone Blackmon, federal pris-
oner # 35542–180, filed a 18 U.S.C.
§ 3582(c)(2) motion to reduce his sentence
based on the Fair Sentencing Act and
recent amendments to the Sentencing
Guidelines relating to offenses involving
crack cocaine. The district court denied
Blackmon's § 3582(c)(2) motion and his
motion for reconsideration of that denial.
Blackmon filed a timely notice of appeal.

Blackmon argues that the district court
procedurally erred when it failed to make
the initial determination whether he was
eligible for relief under § 3582(c)(2) as re-
quired by *Dillon v. United States,* — U.S.
——, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271
(2010). The district court's determination
that Blackmon was eligible for such relief
was implied by its consideration of the
issue whether relief was warranted in this
case. *See United States v. Larry,* 632
F.3d 933, 936 (5th Cir.2011). Blackmon
also argues that the district court did not
comply with *Dillon*'s requirement that it
consider the 18 U.S.C. § 3553(a) sentenc-
ing factors contemporaneously in making
the discretionary decision whether relief
was warranted. *See Dillon,* 130 S.Ct. at
2692. This argument, however, is contra-
dicted by the record.

Asserting further procedural error,
Blackmon argues that the district court
failed to consider his post-sentencing con-
duct. In deciding whether relief is war-
ranted under § 3582, a district court is
allowed to consider such conduct, but it is
not required to do so. *United States v.
Evans,* 587 F.3d 667, 673 & n. 10 (5th
Cir.2009); U.S.S.G. § 1B1.10, comment.
(n.1(B)(iii)). Blackmon's post-sentencing
argument was presented in the district
court, and we assume that the district
court considered the argument. *See Ev-
ans,* 587 F.3d at 672–73. Blackmon's con-
tention that the law-of-the-case doctrine
prevented the district court from consider-
ing his past criminal activity and the fact
that his criminal history score underrepre-
sented that criminal history is unavailing
as the Sentencing Guidelines instruct the
district court to consider such information.
*See* § 1B1.10, comment. (n.1(B)(i–ii)).

Finally, Blackmon maintains that the district court's denial of relief indicates that it was blind to the guidelines amendments' purpose of reducing the disparity between sentences for crack and powder cocaine offenses. The order denying relief referenced the § 3553(a) factors and reflects that the district court gave due consideration to Blackmon's motion as a whole. Thus, there was no abuse of discretion. *See Evans,* 587 F.3d at 674; *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir.1995).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.